**IT IS ORDERED as set forth below:**

**Date: September 8, 2023**

_____

Jeffery W. Cavender
U.S. Bankruptcy Court Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE |
| | ) | |
| CAROLYN LOUISE FLOYD, | ) | NO. 20-61272-JWC |
| | ) | |
| Debtor. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE LLC, | ) | CONTESTED MATTER PROCEEDING |
| | ) | |
| Movant. | ) | CHAPTER 13 |
| | ) | |
| vs. | ) | |
| | ) | Judge: Jeffery W. Cavender |
| CAROLYN LOUISE FLOYD, | ) | |
| NANCY J. WHALEY, Trustee, | ) | |
| | ) | |
| Respondents. | ) | |

**CONSENT ORDER DENYING MOTION FOR RELIEF FROM THE
AUTOMATIC STAY (DOC #54)**

The above styled Motion having been set down for a hearing before the Court on August 22, 2023, upon Notice of Reassignment of Hearing to each of the above-captioned parties in interest, and it appearing to the Court that the parties consent hereto;

IT IS HEREBY ORDERED that the Motion for Relief from the Automatic Stay with respect to the real property located at and more commonly known as 7275 Jumpers Trail, Fairburn, Georgia 30213 is denied, as the parties herein agree that the interest of Movant is adequately protected by payment and performance as more particularly set forth hereinafter.

FURTHER ORDERED that the post-petition arrearage through August 18, 2023, totals $1,821.00, including two (2) payments of $540.89 each (July 1, 2023 – August 1, 2023); reasonable attorney fees of $1,050.00; filing fees of $188.00; less a post-petition suspense balance of $498.78.

This arrearage shall be paid as follows:

Beginning September 1, 2023 Debtor shall resume timely remittance of the regular monthly mortgage payments. Beginning September 15, 2023 and continuing on the 15th day of each subsequent month, Debtor shall pay an additional payment of $202.33 each for eight (8) months and one (1) payment of $202.36, or until such arrearage is cured. Payments should be sent to Nationstar Mortgage, LLC., Bankruptcy Department, 350 Highland Drive, Lewisville, TX 75067, or to such address as may be designated.

FURTHER ORDERED that should Debtor default in payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Movant's Note and Security Deed for a period of nine (9) months from the date of entry of this Order, then upon notice of default sent by first class mail to Debtor and Debtor's attorney, and failure of Debtor to cure such default within ten (10) days from the date of receipt of such notice, Movant may file a motion and affidavit of default with the Court, with service upon Debtor, Debtor's attorney, and the Trustee. If no motion to convert case, motion to sell, response disputing the factual allegations of the motion, or response alleging some extraordinary circumstances comparable to the contemplated by Fed. R. Civ. P. 60(b), is filed within twenty (20) days from the date of

service of the motion and affidavit of default, then the Court may enter an Order modifying the automatic stay, without further notice or hearing.

FURTHER ORDERED that upon completion of any foreclosure sale during the pendency of this bankruptcy case, any funds in excess of the amount due to Movant under its Note and Security Deed, and to any subordinate lienholder(s) properly entitled to receive proceeds under applicable State Law that would otherwise be payable to the Debtor, shall be paid to the Trustee for the benefit of the Estate while the Debtor remains in bankruptcy.

FURTHER ORDERED that in the event the Debtor defaults in performance of this Order and the Court enters an Order modifying the automatic stay, the Trustee shall cease funding the balance of Movant's pre-petition arrearage claim and supplemental claim, if any.

FURTHER ORDERED that the provisions of this Order shall no longer be binding upon the conversion of this case to any other chapter of the U.S. Bankruptcy Code, or in the event a dismissal or discharge order is entered.

FURTHER ORDERED that Movant, at its option, is permitted to contact the Debtor via telephone or written correspondence regarding potential loss mitigation options pursuant to applicable non-bankruptcy law, including loan modifications, deeds in lieu of foreclosure, short sales and/or any other potential loan workouts or loss mitigation agreements. The entry of this Order does not absolve the Debtor of the duty to file any necessary pleadings, amendments, or plan modifications that may be required with regard to such a loan modification.

END OF DOCUMENT

*(Signatures to follow on the next page)*

CONSENTED TO BY:

*/s/Michael J. McCormick*
Michael J. McCormick, GA Bar No. 485749
Attorney for Movant
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA  30076
Phone: 678-281-3918
Email: Michael.McCormick@mccalla.com


*/s/ Sydney Cauthen*
(by Michael J. McCormick with express permission)
Sydney Cauthen, Bar No. 523806
Attorney for Debtor
The Semrad Law Firm, LLC
6125 Old National Hwy, Ste 121
Atlanta, GA 30349
Phone: 678-668-7160
Email: SCauthen@semradlaw.com


NO OPPOSITION:


*/s/ Julie M. Anania*
(by Michael J. McCormick with express permission)
Julie M. Anania, GA Bar No. 477064
Attorney for the Standing Chapter 13 Trustee
303 Peachtree Center Avenue, Suite 120
Atlanta, GA 30303
Phone: 678-992-1201

**DISTRIBUTION LIST**

Carolyn Louise Floyd
7275 Jumpers Trl
Fairburn, GA 30213

Sydney Cauthen
The Semrad Law Firm, LLC
6125 Old National Hwy, Ste 121
Atlanta, GA 30349

Nancy J. Whaley
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303